**E-FILED on** 12/16/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HILDA L. SOLIS,[1] Secretary of the United States Department of Labor,

Plaintiff,

v.

MICHAEL D. WILLIAMS, an individual; POWER & DATA TECHNOLOGY, INC., a California corporation; and POWER & DATA TECHNOLOGY, INC., 401(K) PROFIT SHARING PLAN, an employee pension benefit plan,

Defendants.

No. C-08-5643 RMW

ORDER DENYING DEFENDANT WILLIAMS' MOTION TO VACATE DEFAULT

**[Re Docket No. 24]**

On August 27, 2009, the Clerk of the Court entered default against defendants Michael D. Williams and defendant Power & Data Technology, Inc. Defendant Williams, proceeding pro se, has moved to vacate default. Plaintiff opposes. Defendant's motion came on for hearing before the court on December 4, 2009. Having considered the papers submitted by the parties and the arguments of plaintiff's counsel and defendant Williams at the hearing, the motion is denied.

Defendant Williams has failed to establish good cause for setting aside default. First, defendant's conduct is culpable – Williams had agreed to waive service, yet declined to execute the

---

[1] Hilda L. Solis was confirmed as Secretary of Labor on February 24, 2009, and was substituted as Plaintiff in this action.

ORDER DENYING DEFENDANT WILLIAMS' MOTION TO VACATE DEFAULT—No. C-08-5643 RMW
TER

waivers, forcing plaintiff to undertake more extraordinary efforts to serve him, and after he had notice of the action, he still failed to timely respond to the complaint. At the hearing, Williams denied any agreement to waive service, suggesting that he had only agreed to waive service in connection with the parties' discussions relating to a consent judgment. Williams' assertion, however, is not supported by the record. On December 10, 2008, Williams was informed by counsel for plaintiff that plaintiff would be filing suit and in response, Williams asked plaintiff to delay filing the complaint until March 2009 out of a concern that the filing of this action could disrupt Williams' efforts to obtain financial backing and would distract him from other litigation in which he was involved. Nordby Decl. Ex. E and F. Following this exchange of correspondence, plaintiffs' counsel repeatedly sought and obtained Williams' agreement to waive service. Nordby Decl. ¶¶ 11, 15. Nevertheless, Williams did not execute the waivers, thus requiring plaintiff to go to various lengths to serve him. Notwithstanding service, Williams failed to timely respond to the complaint. It appears that Williams has been carrying out a manipulative course of conduct to delay facing a financial responsibility that he knows he has. Normally, the court would set aside a default if the motion to set it aside were made as quickly as Williams' motion here. However, if the court were to set aside Williams' default, it would merely further defendant's delaying tactics.

Second, Williams' moving papers and his proposed Answer fail to articulate facts supporting a meritorious defense to plaintiff's allegations.

Thus, while Williams has moved promptly to set aside the default after default was entered against him, he has failed to establish good cause justifying setting aside default. Accordingly, defendant Williams' motion to set aside default is denied.

DATED: 12/16/09

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Danielle Lee Jaberg**
Email: jaberg.danielle@dol.gov

**Evan Hansen Nordby**
Email: nordby.evan@dol.gov

**Lawrence Brewster**
Email: brewster.lawrence@dol.gov

**A copy of this document has been mailed to:**
**Defendant Michael D. Williams:**

Michael D. Williams
3005 Duval Court
Gilroy, CA 95020

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/16/09                              TER
                                        **Chambers of Judge Whyte**