UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. WILLIAMS, an individual; POWER & DATA TECHNOLOGY, INC., a California corporation; and POWER & DATA TECHNOLOGY, INC., 401(K) PROFIT SHARING PLAN, an employee pension benefit plan,<br><br>Defendants. | Case No. C-08-05643-RMW<br><br>**ORDER GRANTING MOTION TO APPOINT INDEPENDENT FIDUCIARY**<br><br>[Re Docket No. 49] |

On January 8, 2013, plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") moved under Federal Rule of Civil Procedure ("Rule") 70 for appointment of an independent fiduciary for the Power & Data Technology, Inc., 401(k) Profit Sharing Plan ("Plan"). For the reasons set forth below, this court GRANTS the Secretary's motion.

## I. BACKGROUND

On December 18, 2008, the Secretary filed in this court a complaint for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1191c. On

ORDER GRANTING MOTION TO APPOINT INDEPENDENT FIDUCIARY, CASE NO. C-08-05643 RMW, ALG

- 1 -

March 5, 2010, this court entered a default judgment against defendants in the amount of $39,325.62 in missing Plan assets, plus $6,865.46 in pre-judgment interest as of January 15, 2010, for a total of $46,191.08. The court additionally awarded pre-judgment interest through the date of entry of judgment, post-judgment interest through the date of collection, and $946.00 in costs of service to the Secretary.

Following the entry of the default judgment, the Secretary obtained post-judgment discovery from defendant Michael D. Williams ("Williams"). The Secretary alleges that the department "further attempted to negotiate with . . . Williams to secure his cooperation and voluntary compliance with the judgment; specifically, to restore the funds owed to the Plan and to wind up and terminate the Plan without the Plan having to incur the cost of an [independent fiduciary.]" Pl.'s Br. 2, Dkt. No. 49. According to the Secretary, the negotiations were unsuccessful. The secretary now seeks to remove Williams as a fiduciary and trustee to the plan and moves to appoint Victor Yaneza of the Retirement Equity Administrators Corporation (currently the Plan's third party administrator), as the independent fiduciary.

## II. DISCUSSION

Pursuant to Rule 70(a), when a party fails to act in compliance with a judgment "within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party." Fed. R. Civ. P. 70. This court's March 5, 2010 default judgment provides for the appointment of an independent fiduciary upon motion by the Secretary. Williams does not oppose the Secretary's motion. Because Williams has failed to comply with the default judgment, the court grant's the Secretary's motion.

## III. ORDER

Having fully considered the Secretary's Motion to Appoint Independent Fiduciary, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

INDEPENDENT FIDUCIARY,
CASE NO. C-08-05643 RMW, ALG

- 2 -

1. The Secretary's Motion to Appoint an Independent Fiduciary ("IF") for the Power & Data Technology, Inc., 401(k) Profit Sharing Plan is GRANTED in full;

2. Defendant Michael Williams is removed as a fiduciary and trustee to the Plan;

3. Victor Yaneza of Retirement Equity Administrators Corporation, San Francisco, CA, currently the Plan's Third Party Administrator, is appointed as the Independent Fiduciary to the Plan. The Independent Fiduciary:

   a. shall collect, marshal, pay out and administer all of the Plan's assets and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all eligible participants and beneficiaries;

   b. shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each Plan participant and beneficiary who is eligible to receive a distribution under the terms of the Plan;

   c. shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA and is ordered to file a final Internal Revenue Service Form 5500 for the Plan;

   d. is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such assistance as it may require, including attorneys, accountants, actuaries, and other service providers;

   e. is authorized to receive $3,900.00 in reasonable fees and expenses, payable from the assets of the Plan, with such amount added to the amount due the Plan from Defendant Williams under the Default Judgment entered March 5, 2010 as set forth as follows:

      i. As of December 7, 2012, the amount due the Plan under the March 5, 2010 Default Judgment is $46,191.08, plus $193.64 in additional pre-judgment

interest through the date of entry of judgment, March 5, 2010, at the rate provided by IRC § 6621(a), plus $370.99 in post-judgment interest through December 7, 2012, pursuant to 28 U.S.C. § 1961, for a total of $46,755.71.

    ii. Adding $3,900.00 to the December 7, 2012 total of $46,755.71, the new total due the Plan under the March 5, 2010 Default Judgment is **$50,655.71**, with additional post-judgment interest to accrue thereon from December 7, 2012.

    f.   shall have full access to all data, information, and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

    g.   is authorized to give instructions respecting the disposition of assets of the Plan; and

    h.   shall comply with all applicable rules and laws; and

    i.   shall not be held personally responsible for any claims against the Plan or related entities which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary, or for any claims filed subsequent to final distribution by a Plan participant that the Independent Fiduciary did not identify prior to closing of the account.

It is SO ORDERED.

Dated: February 8, 2013

*Ronald M. Whyte*
Ronald M. Whyte
United States District Court Judge

ORDER GRANTING MOTION TO APPOINT
INDEPENDENT FIDUCIARY,    - 4 -
CASE NO. C-08-05643 RMW, ALG